IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW ESCALANTE,**

    **Plaintiff,**

    v.                                                           **CASE NO. 24-3099-JWL**

**CHARLES JAMES DROEGE,**
**Chief Judge,**

    **Defendant.**

## **MEMORANDUM AND ORDER**

Plaintiff Matthew Escalante is a state prisoner in the custody of the Johnson County Adult Detention Center in Olathe, Kansas. On June 14, 2024, Plaintiff filed a pro se action purporting to be a "Complaint for Violation of Civil Rights Defendant's Illegal Detainment of Plaintiff Knowingly Against 18 USC 242 in Clear Absence of All Jurisdiction." (Doc. 1, at 1.)

Plaintiff, however, is enjoined from filing an action in this Court unless he complies with the requirements of his filing restrictions. *See Escalante v. Burmaster*, Case No. 23-2471-JWB, Doc. 72 (D. Kan. Jan. 18, 2024). To file a pro se action in this Court, Plaintiff must first mail or otherwise deliver the submission to the Clerk of Court requesting leave to file a complaint or other pleading that includes:

> 1. A copy of [the January 18, 2024 Memorandum and Order imposing filing restrictions] and any subsequent Order involving filing restrictions;
> 2. A copy of the proposed complaint or pleading;
> 3. A list of all other lawsuits or other matters currently pending or previously filed with this court or any other court that involve the same or similar claims or parties, including the name, number, and status or disposition of each listed case;
> 4. A notarized affidavit certifying that: (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and (2) The claims are not frivolous, malicious, or made in bad faith.

*Id*. at 3.

The document submitted by Plaintiff does not comply with the filing restrictions. The Court will therefore dismiss this case.

In addition, Plaintiff does not have a cause of action under 18 U.S.C. § 242. Section § 242 deals with the deprivation of rights under color of law and does not provide a private cause of action. *See Houck v. Gurich*, 515 F. App'x 724, 724–25 (10th Cir. 2013) (unpublished) ("18 U.S.C. § 242 does not create a private civil cause of action.") (citations omitted). It is a criminal statute, and "like other such statutes, do[es] not provide for a private civil cause of action." *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished) (citing *Newcomb v. Ingle,* 827 F.2d 675, 677 n. 1 (10th Cir. 1987) (noting § 241 does not authorize private right of action); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989) (same to both §§ 241 and 242)).

This matter is dismissed for failure to comply with the Court's filing restrictions. In light of the Court's dismissal of this case, the Court denies as moot Plaintiff's motion for leave to proceed in forma pauperis in this case.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order is not taken in good faith, and therefore in forma pauperis status will be denied for the purpose of appeal. If Plaintiff files a notice of appeal, he must pay the $605 appellate filing fee or file a motion for leave to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice** because Plaintiff has failed to comply with the filing restrictions ordered in *Escalante v. Burmaster*, Case No. 23-2471-JWB, Doc. 72 (D. Kan. Jan. 18, 2024).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **denied without prejudice** to filing a motion seeking leave to proceed in forma pauperis on appeal in the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated June 24, 2024, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**